**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JANE DOE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DONALD J. TRUMP,**<br><br>**Defendant.** | **Civil Action No. 26-4017** |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jane Doe, a resident of the Czech Republic, brought this *pro se* lawsuit against President Donald J. Trump challenging his "unilateral initiation and continued prosecution of a large-scale military war against the Islamic Republic of Iran." ECF No. 1-1 (Mem.) at ECF p. 1; see ECF No. 1 (Compl.) at 5. Alleging that she "has suffered concrete financial harm through higher living costs" and "emotional distress and anxiety" as a result of the "unauthorized war," Compl. at 5, she seeks (or at least "reserves the right to seek") money damages in an unspecified amount, id., as well as a declaration that the hostilities against Iran violate the Constitution and federal statutes. See Mem. at ECF pp. 2–4.

Concerned that disclosure of her identity might put her at risk of "online harassment, threats of violence, or other adverse consequences," Doe moves to proceed pseudonymously. See ECF No. 3 (Mot.) at ECF p. 1. As she has not made the detailed showing required to overcome the presumption in favor of disclosure, the Court will deny her Motion. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

## I. Legal Standard

Generally, a complaint must identify the plaintiff. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

## II. Analysis

Plaintiff has not met her burden to show that her privacy interests outweigh the public's presumptive and substantial interest in learning her identity. The Court will address the five factors in turn.

First, disclosure of Doe's identity will not reveal any information of a "sensitive [or] highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97). The Complaint reveals no "intimate or sensitive personal information" of the kind "traditionally recognized under this factor, such as sexual activities, reproductive rights, [and] bodily autonomy." Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (quoting Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021)) (cleaned up). Indeed, Plaintiff does not argue the contrary, except insofar as she expresses generalized concerns about her safety under the heading of the second factor. See Mot. at ECF p. 1 (invoking "[r]isk of [r]etaliation and [h]arm"); cf. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (noting that privacy can include "maintaining [plaintiffs'] and their family members' safety"). Because those concerns are unsubstantiated, as explained below, the first factor weighs against pseudonymity.

Second, as to the "risk of retaliatory . . . harm," In re Sealed Case, 971 F.3d at 326, Plaintiff contends that "[l]awsuits naming high-level political figures . . . frequently generate intense public scrutiny and polarized reactions," and so disclosure of her identity in connection to this case "would expose her to a significant risk of harassment, threats, or retaliation" that "could endanger her personal safety or livelihood." Mot. at ECF p. 1. Yet she offers no evidence to support her hypothesis that this particular lawsuit will produce such reactions or that those reactions would raise the risk of concrete harm to her. Since "speculative and unsubstantiated claims of harm" are generally not sufficient to justify pseudonymity, the second factor counsels against it, too. John Doe Co. No. 1 v. CFPB, 195 F. Supp. 3d 9, 22 (D.D.C. 2016) (citation omitted); cf. K.A. v. United States, No. 23-2273, ECF No 7 (Mem. Op.) at 3–4 (D.D.C. Aug. 10, 2023) (finding second factor favors pseudonymity where plaintiffs faced actual "threats of retaliation" from foreign government).

As to the third factor, Plaintiff does not contend that her age supports pseudonymity. See Mot. at ECF p. 1. Regardless of whether it is "inapplicable" or actually weighs "in favor of disclosure," the third factor thus renders her request for pseudonymity "less compelling." Doe v. Pub. Co. Acct. Oversight Bd., 2026 WL 1661910, at *2 (D.C. Cir. 2026) (citation omitted).

The fourth factor weighs against pseudonymity. In a suit against the government or its officers, "pseudonymity is less likely to be appropriate where 'the party asking to proceed anonymously seeks to alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward.'" Id. at *3 (quoting In re Sealed Case, 971 F.3d at 329). The fact that this case might "concern[] Plaintiff's personal legal rights," Mot. at ECF p. 1, does not change the nature of the relief that she seeks, which includes a declaration that the hostilities in Iran are unconstitutional. See Mem. at ECF p. 4. That is plainly the kind of relief that would "alter the operation of public law," Pub. Co. Acct. Oversight Bd., 2026 WL 1661910, at *3 (quoting In re Sealed Case, 971 F.3d at 329), in ways extending "beyond this case." Id.

The fifth factor — prejudice to Defendant — modestly favors pseudonymity since Plaintiff assures the Court that "Defendants will have full knowledge of Plaintiff's identity under a protective order or through sealed filings." Mot. at ECF p. 1; cf. In re Sealed Case, 971 F.3d at 326 n.1 (explaining that fifth factor is "not implicated" where defendant knows plaintiff's identity).

Still, because the first four factors support disclosure, the Court finds that Doe has not met "the weighty burden" of "demonstrating a concrete need" for pseudonymity in this lawsuit. In re Sealed Case, 971 F.3d at 326.

## III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [3] Motion for Leave to Proceed Under Pseudonym is DENIED;
2. Within fourteen days of the Court's Order, Plaintiff shall file a Notice advising the Clerk of the Court whether she wishes to proceed with filing the Complaint on the public docket using her real name, and, if so, shall also file her [3] Motion on the public docket as an appendix to the Notice; and
3. If Plaintiff does not file such Notice within fourteen days, the Clerk is directed to terminate the case.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: November 18, 2026